UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY LEE WARD, <br><br> Plaintiff, <br><br> v. <br><br> LLOYD ARNOLD, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-800-CCB-SJF |

## **OPINION AND ORDER**

Roy Lee Ward, by counsel, filed a complaint asserting five constitutional claims under 42 U.S.C. § 1983 in relation to his execution. Significantly, the Indiana Supreme Court has set an execution date for Ward before the hour of sunrise on October 10, 2025. Upon review of the complaint, the court is particularly concerned with Claim 4 in which Ward asserts that the State of Indiana will use compounded pentobarbital to execute him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Ward also represents that the State of Indiana has been substantially unresponsive to his requests for information about his method of execution.

Consequently, the court will set a Zoom status conference for **Tuesday, September 23, 2025, at 9:00AM South Bend/Eastern Time** to discuss Claim 4 and any other preliminary concerns the parties may have. A link will be emailed to counsel separately, and the parties may contact chambers for assistance at (574) 246-8400.

At the conference, the defendants should be prepared to identify how they intend to execute Ward, including: (1) whether they intend to use pentobarbital, some other form of lethal injection, or some other form of execution; (2) if applicable, whether the pentobarbital is manufactured or compounded; and (3) if applicable, the expiration date for the pentobarbital. The defendants should also provide their position on the use of fentanyl in addition to pentobarbital proposed by Ward. If the defendants are not able to provide these answers at the status conference, they should explain why and how long it will take to obtain these answers. The parties should also be prepared to address whether and to what extent discovery is necessary to resolve this claim. Additionally, Ward should explain the interplay between Claim 4 in this case and the related habeas petition filed in *Ward v. Warden*, 3:25-cv-798 (N.D. Ind. filed Sept. 18, 2025), and specifically whether this claim is more appropriately raised in the Section 1983 case or in the habeas proceeding under 28 U.S.C. § 2254.

Given the time constraints of this case and the court's particular concern about Claim 4, the court will also grant Ward leave to proceed pursuant to 28 U.S.C. § 1915A only on Claim 4 at this time and will order the defendants to promptly file an answer to the complaint in relation to that claim.

For these reasons, the court:

(1) **GRANTS** Roy Lee Ward leave to proceed on an Eighth Amendment claim against the Commissioner of the Indiana Department of Correction and the Warden of the Indiana State Prison in their official capacities for injunctive relief to ensure that the method in which he is executed does not violate the Eighth Amendment;

(2) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), the defendants to file an answer by **September 23, 2025**, only to the claim for which the plaintiff has been granted leave to proceed in this screening order;

(3) **SETS** a Zoom status conference for **Tuesday, September 23, 2025, at 9:00AM South Bend/Eastern Time** to discuss Claim 4 in the complaint; and

(4) **DIRECTS** the clerk to send a copy of this Order to Attorney Tyler G. Banks and Attorney Sierra A. Murray at their email addresses of record.

SO ORDERED on September 21, 2026

      /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3