UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY LEE WARD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-800-CCB-SJF |
| LLOYD ARNOLD, et al., | |
| Defendants. | |

## OPINION AND ORDER

By order of the Indiana Supreme Court, Plaintiff Roy Lee Ward is scheduled to be executed before the hour of sunrise on October 10, 2025. On September 18, 2025, Ward, by counsel, filed a complaint asserting five constitutional claims under 42 U.S.C. § 1983 in relation to his execution. ECF 1. In Claim 4 of the complaint, Ward asserted that the State of Indiana would use compounded pentobarbital to execute him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Upon review of this claim, the Court set a Zoom status conference and ordered the defendants to be prepared to identify how they intend to execute Ward, including: (1) whether they intend to use pentobarbital, some other form of lethal injection, or some other form of execution; (2) if applicable, whether the pentobarbital is manufactured or compounded; and (3) if applicable, the expiration date for the pentobarbital. ECF 11. The Court further ordered the defendants to provide their position on the use of fentanyl in addition to pentobarbital proposed by Ward. It also ordered the parties to explain whether and to what extent discovery is necessary to resolve Claim 4.

On September 23, 2025, the Court held the status conference. ECF 18. There, the State defendants represented that they intend to use pentobarbital to execute Ward and that the pentobarbital was manufactured. They also clarified that they had three doses of pentobarbital and that two of these doses have expiration dates at the end of October 2025 with the remaining dose set to expire in March 2026. They objected to the use of fentanyl in addition to pentobarbital, citing the training necessary for those conducting the execution and the uncertainty of how fentanyl might interact with pentobarbital. Based on those answers, Ward stated that he needed to conduct discovery regarding the State defendants' objection to the addition of fentanyl and to inquire whether the State acquired the pentobarbital directly from a manufacturer or through a supplier. At the end of the hearing, the Court ordered the State defendants to memorialize their answers in writing in an affidavit by 5:00 p.m. and indicated that it would address the need for discovery in a written order to follow. As ordered, the State defendants subsequently filed an affidavit from the Warden of the Indiana State Prison that memorialized the answers provided at the status conference. ECF 19-1.

Consistent with the foregoing, the Court will now consider whether the requested discovery is appropriate at this time. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Claim 4 as currently pled concerns the reliability of compounded pentobarbital; it does not concern the reliability of non-manufacturer suppliers of manufactured pentobarbital. Stated otherwise, any discovery about suppliers of manufactured pentobarbital is not relevant to Claim 4 and

is thus beyond the scope of discovery. Further, while the fentanyl-related discovery might be relevant to Claim 4, the Court has a substantial concern about that claim for the reasons discussed below. Therefore, the Court will not allow discovery at this time.

The Court's substantial concern with Claim 4 is that, with the Warden's newly filed affidavit on the record, it now appears that summary judgment on Claim 4 is appropriate. Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when evidence would permit a reasonable factfinder to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). Succinctly, Claim 4 raises concerns about the use of compounded pentobarbital for Ward's execution, but the record now squarely indicates that the State will not use compounded pentobarbital for Ward's execution. As a result, it is unclear how a reasonable factfinder could find in favor of Ward on Claim 4 as currently pled.

Rule 56(f) of the Federal Rules of Civil Procedure grants the Court authority to grant summary judgment for a non-moving party or on grounds not raised by a party after giving notice and a reasonable time to respond. Therefore, the Court will afford Ward an opportunity to respond to this order prior to entering a summary judgment decision on Claim 4. Alternatively, Ward may amend his complaint pursuant to Fed. R. Civ. P. 15(a)(1), though with a shorter deadline given the looming execution date.

As a final matter, the Court notes that it allowed Ward to proceed on Claim 4 pursuant to the screening process for prisoner complaints set forth in 28 U.S.C. § 1915A without addressing any of the other claims in the complaint (Claims 1, 2, 3, and 5). ECF 1, ECF 11. The Court is mindful of these other claims and intends to screen them pursuant to 28 U.S.C. § 1915A at a later date.

For these reasons, the Court:

(1) **DENIES** Roy Lee Ward leave to conduct discovery relating to Claim 4 of the initial complaint; and

(2) **ORDERS** Roy Lee Ward to either show cause as to why summary judgment should not be entered on Claim 4 pursuant to Fed. R. Civ. P. 56(f) or to file an amended complaint by **Thursday, September 25, 2025, at 9:00 a.m. South Bend/Eastern time**.

SO ORDERED on September 23, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT