UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY LEE WARD, | ) |
| | ) |
| Plaintiff, | )   CASE NO. 3:25-cv-00800-CCB-SJF |
| | ) |
| v. | ) |
| | ) |
| LLOYD ARNOLD, COMMISSIONER INDIANA DEPARTMENT OF CORRECTION AND RON NEAL, WARDEN INDIANA STATE PRISON, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION

Defendants respectfully submit the following Statement of Material Facts pursuant to Northern District of Indiana Local Rule 56-1 and incorporate these facts in support of their Motion for Summary Judgment.

## STATEMENT OF MATERIAL FACTS

The record in this case, and the s filed with the Defendants' Motion for Summary Judgment, show the following undisputed facts.[1]

1. Plaintiff, Roy Lee Ward is an inmate at the Indiana State Prison ("ISP"). (ECF 24 at 1).

2. Joshua Wallen is the grievance specialist at the Indiana State Prison. (ECF 38-1 at ¶ 1).

---
[1] Defendants accept these facts as true for purposes of summary judgment only.

1

### *Indiana Department of Correction's Grievance Process*

3. At all times relevant to Ward's claims, the offender grievance process at ISP is set forth under IDOC Policy and Administrative Procedure No. 00-02-301, *Offender Grievance Process* (effective September 1, 2020) ("Grievance Process"). ECF 38-1 at ¶ 10; ECF 38-2, IDOC Policy and Administrative Procedure 00-02-301, *Offender Grievance Process*.

4. This policy is the only Grievance Process recognized by the IDOC for the resolution of offenders' grievable issues. (ECF 38-1 at ¶ 8; *see* ECF 38-2 at 3).

5. Offenders incarcerated at the Indiana State Prison are advised of the Grievance Process during their initial orientation at ISP. (ECF 38-1 at ¶ 11; ECF 38-2 at 7).

6. The Grievance Process is available to offenders upon request at ISP's law library. (ECF 38-1 at ¶ 11).

7. Offenders generally have access to the offender grievance process via their offender tablets. (ECF 38-1 at ¶ 11).

8. Offenders must comply with the Grievance Process for all grievable issues, which include the substance and requirements of IDOC and/or ISP policies, procedures, and rules; the actions of individual staff members; the manner individual staff members apply and interpret IDOC and/or ISP policies, procedures, and rules; and any other concerns or issues relating to the conditions of care or supervision, unless the Grievance Process expressly provides otherwise. (ECF 38-1 at ¶ 12; ECF 38-2 at 3).

9. The Grievance Process consists of three steps:

    i. A formal grievance;

    ii. A written appeal to the facility warden/designee ("First-Level Appeal"); and

    iii. A written appeal to IDOC's central office grievance manager ("Second-Level Appeal").

(ECF 38-1 at ¶ 13; ECF 38-2 at 3).

10. Exhaustion of the Grievance Process requires an offender to timely complete all three steps. (ECF 38-1 at ¶ 14).

***Steps of the IDOC Grievance Process***

11. An offender initiates the first step of the Grievance Process by submitting a completed (per policy standards) formal grievance using State Form 45471 – Offender Grievance, to the Grievance Specialist within 10 business days from the date of the incident giving rise to the complaint or concern. (ECF 38-1 at ¶ 15; ECF 38-2 at 9).

12. Inmates are able to obtain grievance forms from their counselors. (ECF 38-1 at ¶ 16).

13. Once a grievance is submitted, the offender grievance specialist has 10 business days from the date of receipt to either return an unacceptable form or provide a receipt for an accepted grievance to the inmate. (ECF 38-1 at ¶ 17; ECF 38-2 at 10).

14. When the Grievance Specialist accepts and logs a grievance, it is recorded in DELTA, assigned a case number, and a receipt of the accepted grievance is issued to the inmate. (ECF 38-1 at ¶ 18).

15. When the Grievance Specialist rejects the grievance form, the grievance is recorded in DELTA, assigned a case number, and the Grievance Specialist uses State Form 45475, "Return of Grievance." (ECF 38-1 at ¶ 19; ECF 8-2 at 10).

16. It is the responsibility of the offender to make necessary revisions to the grievance form and return the revised form to the Offender Grievance Specialist within five business days from the date that it was returned to the offender. (ECF 38-1 at ¶ 19; ECF 38-2 at 10).

17. The Grievance Specialist can reject the grievance form and return it to the offender unfiled if the grievance does not comply with policy, if the offender attempts to grieve matters inappropriate for the offender grievance process, or if the grievance is submitted late. (ECF 38-1 at ¶ 19; ECF 38-2 at 10).

18. If an offender does not receive either a receipt or a rejected form from the Grievance Specialist within 10 business days of submitting it, the offender must notify the Grievance Specialist of that fact and is to retain a copy of the notice. (ECF 38-1 at ¶ 20; ECF 38-2 at 9).

19. The Grievance Specialist will then investigate the matter and respond to the offender's notification within 10 business days. (ECF 38-1 at ¶ 20; ECF 38-2 at 9).

20. In situations where an inmate notifies the Grievance Specialist that the inmate did not obtain a receipt, grievance response, or a Return of Grievance form, and if Mr. Wallen confirms that he has not received the grievance, Mr. Wallen will notify the inmate to resubmit the grievance. (ECF 38-1 at ¶ 20).

21. Should the inmate resubmit his grievance, Mr. Wallen will consider the grievance timely submitted and respond to that grievance accordingly. (ECF 38-1 at ¶ 20).

22. At the time the grievance is recorded into DELTA, the Grievance Specialist will assign it a grievance case number. (ECF 38-1 at ¶ 21; ECF 38-2 at 10).

23. For accepted grievances, the Grievance Specialist has 15 business days from the date a grievance is accepted and recorded to investigate the matter and provide a response to the offender. (ECF 38-1 at ¶ 22; ECF 38-2 at 11).

24. Within one business day of recording a completed State Form 45471, "Offender Grievance," the Offender Grievance Specialist shall submit State Form 45471 to the appropriate facility staff/supervisor for response. (ECF 38-1 at ¶ 23; ECF 38-2 at 11).

25. If the grievance involves medical issues, a copy of the grievance is forwarded to the respective Quality Assurance Managers. (ECF 38-1 at ¶ 23; ECF 38-2 at 11).

26. For medical grievances: Within 10 business days of receiving an offender's medical grievances, the facility staff/supervisor (Health Services

Administrator or designee) will also forward the written response to the respective Quality Assurance Manager for verification and approval, and, if the written response is approved by the Quality Assurance Manager, then forward the response to the Offender Grievance Specialist. (ECF 38-1 at ¶ 23; ECF 38-2 at 11).

27. If the offender receives no grievance response within 20 business days of receiving an accepted grievance receipt from the Grievance Specialist, the offender may presume the grievance is denied and submit a First-Level Appeal using State Form 45473 – Grievance Appeal, to the Grievance Specialist. (ECF 38-1 at ¶ 24; ECF 38-2 at 12).

28. If the offender receives a grievance response from the Offender Grievance Specialist, the offender is responsible for reviewing the response and determining whether the response adequately addresses the complaint in his grievance. (ECF 38-1 at ¶ 25; ECF 38-2 at 12).

29. If the offender is dissatisfied with the grievance response, the offender may appeal the response to the Warden or Warden's designee by completing a First-Level Appeal, using State Form 45473 – Grievance Appeal. (ECF 38-1 at ¶ 26; ECF 38-2 at 12).

30. The grievance appeal and any additional information have to be submitted to the Offender Grievance Specialist within five business days after the date of the grievance response. (ECF 38-1 at ¶ 26; ECF 38-2 at 12).

31. Upon receipt of the First-Level Appeal, the Grievance Specialist must record the date of receipt and forward the First-Level Appeal to the Warden, while

simultaneously forwarding a copy of the receipt to the offender. (ECF 38-1 at ¶ 27; ECF 38-2 at 13).

32. The Warden/designee must respond to the First-Level Appeal within 10 business days of the recorded receipt date. (ECF 38-1 at ¶ 28; ECF 38-2 at 13).

33. If the offender wants to appeal the Warden's/designee's appeal response, the offender has to check the "Disagree" box, sign, and submit the completed State Form 45473 – Grievance Appeal, and any additional documentation to the Offender Grievance Specialist within five business days of the Warden's/designee's appeal response. (ECF 38-1 at ¶ 29; ECF 38-2 at 13).

34. Upon receipt of the Second-Level Appeal, the Grievance Specialist has five business days to enter the Second-Level Appeal and any accompanying documentation into DELTA for review by the Department Offender Grievance Manager. (ECF 38-1 at ¶ 30; ECF 38-2 at 13).

35. The Department Offender Grievance Manager shall complete the investigation into the non-medical grievance appeal. In the case of a medical grievance, the Department Offender Grievance Manager works in conjunction with the Chief Medical Officer to investigate a medical grievance appeal. (ECF 38-1 at ¶ 31; ECF 38-2 at 13).

36. The Grievance Specialist then has five business days to print the Department Offender Grievance Manager's response and provide a copy to the offender. (ECF 38-1 at ¶ 32; ECF 38-2 at 13-14).

37. If the offender does not receive a response to their Second-Level Appeal within 10 business days, it is deemed denied. (ECF 38-1 at ¶ 33; ECF 38-2 at 13).

38. The decision by the Department Offender Grievance Manager is final. (ECF 38-1 at ¶ 34; ECF 38-2 at 13).

### *Plaintiff's Grievances as it relates to Defendants*

39. ISP's Grievance Specialist Joshua Wallen has reviewed Plaintiff's records and grievance history. (ECF 38-1 at ¶ 38).

40. Grievance Specialist Wallen was unable to locate any grievance submitted by Ward regarding his concerns about the method of his execution. (ECF 38-1 at ¶ 41; ECF 38-3; ECF 38-4; ECF 38-5).

41. Ward has submitted grievances about the number of allotted witnesses to his execution, the capacity of the witness room, the glass separating the witness room from the execution chamber, and the position of the gurney in the execution chamber, but they contain no reference to concerns about the method of Ward's execution. (ECF 38-1 at ¶¶ 43, 44, 45; ECF 38-4; ECF 38-5).

42. Method of execution is a grievable issue under the Grievance Process as it pertains to an IDOC policy, procedure, or rule. (ECF 38-1 at 40).

43. Ward did not submit a single grievance about the method of his execution. (ECF 38-1 at ¶ 41).

44. Grievance Specialist Wallen also does not have any record of Ward writing to him or submitting any documentation that Ward did not receive a receipt, grievance response, or a Return of Grievance form in relation to a submitted

grievance about Ward's concerns with the method of his execution (ECF 38-1 at ¶ 47).

45. Because there is no record that Ward either submitted a grievance about his concerns with the method of his execution or informed the Grievance Specialist about the nonresponse to such a submitted grievance, he did not comply with all available steps and requirements of the grievance process. (ECF 38-1 at ¶ 48; ECF 38-2 at 9).

46. Had Ward written the Grievance Specialist about not receiving a receipt or response to a submitted grievance about his concerns with the method of his execution, Mr. Wallen would have looked into the matter and asked Ward to resubmit that grievance. (ECF 38-1 at ¶ 47).

47. Because Ward did not comply with all the steps of the offender grievance policy, he did not complete all the steps of the IDOC offender grievance process, and thus did not exhaust his administrative remedies. (ECF 38-1 at ¶ 48).

Respectfully submitted,

Theodore E. Rokita
Indiana Attorney General
Attorney number: 18857-49

Date: September 26, 2025    By: /s/ Jefferson S. Garn
Jefferson S. Garn
Deputy Attorney General
Attorney No. 29921-49
OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-5933 Fax: (317) 232-7979
Email: Jefferson.Garn@atg.in.gov

Eric J. Leveque
Deputy Attorney General
Attorney No. 38929-49
OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-2762
Fax: (317) 232-7979
Email: Eric.Leveque@atg.in.gov

Adrienne Pope
Deputy Attorney General
Attorney No. 31911-49
OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 233-0878
Fax: (317) 232-7979
Email: Adrienne.Pope@atg.in.gov

Tyler Banks
Section Chief Capital and Habeas Litigation
OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone:(317) 234-7016 Fax:(317)232-7979
Tyler.Banks@atg.in.gov