UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ROY LEE WARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:25-cv-00800-CCB-SJF |
| | ) |
| **LLOYD ARNOLD, COMMISSIONER INDIANA DEPARTMENT OF CORRECTION and RON NEAL, WARDEN INDIANA STATE PRISON,** | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants are entitled to summary judgment on their failure-to-exhaust defense because Roy Lee Ward faces an insurmountable obstacle to bringing this suit: he did not submit a single grievance about his method of execution as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). Ward nevertheless seeks to forge ahead and delay his execution after failing to exhaust that available administrative remedy. He claims that Indiana Department of Correction's use of manufactured pentobarbital will violate his right to be free from "cruel and unusual punishments." U.S. Const. amend. VIII. Undisputed facts clarify that Ward did not submit a single grievance about his concern with the method of his execution before launching this case. As a result, the PLRA bars this entire action. This Court should enter summary judgment in favor of Defendants.

1

## Background

Twenty-four years ago, Ward raped and murdered 15-year-old Stacy Payne. *Ward v. State*, 810 N.E.2d 1042, 4044 (Ind. 2004). He was convicted of murder and rape, and two separate juries recommended he receive a sentence of death, which was imposed. *Id.*; *Ward v. State*, 903 N.E.2d 946 (Ind. 2009). He sought both state post-conviction and federal habeas relief; those efforts were denied, and those denials were affirmed on appeal. *Ward v. State*, 969 N.E.2d 46, 50-85 (Ind. 2012) (state post-conviction denial affirmed); *Ward v. Wilson*, No. 3:12-cv-192-RLY-WGH, 2015 WL 5567180 at *1 (S.D. Ind. Sept. 22, 2015) (district court denial of habeas petition); *Ward v. Neal*, 835 F.3d 698, 699–704 (7th Cir. 2016) (affirming denial of habeas petition), *reh'g denied*; *Ward v. Neal*, 137 S. Ct. 2161 (2017) (denying petition for writ of certiorari from affirmance of denial of habeas petition).

On June 27, 2025, the State filed a verified motion to set an execution date for Ward. Ward objected to an execution date being set and moved the Indiana Supreme Court for permission to seek successive post-conviction relief. In his request for successive review, Ward raised claims, relevant to this proceeding, about the method of his execution and the Department of Correction's delay in answering public-records requests made by his attorneys for information about the state's supply of pentobarbital; its chosen execution drug (S.P-C.R. 4-10).

On August 27, 2025, the Indiana Supreme Court granted the State's request to set an execution date and denied Ward's request for permission to seek successive post-conviction relief. *Ward v. State*, 264 N.E.3d 637, 638–39 (Ind. 2025)

(mem.). The Indiana Supreme Court has also denied a subsequent motion to stay, which was based on his complaints about responses to public-records requests. *Ward v. State*, ___ N.E.3d. __, No. 25S-SD-167, Order (Ind. Sept. 25, 2025). Ward's execution is scheduled to be carried out before the hour of sunrise on October 10, 2025.

## Summary Judgment Standard

Summary judgment is proper where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of proving "the absence of a genuine issue of material fact." *Id*. Once the moving party has met the initial burden, the non-moving party must establish the existence of a genuine issue of material fact for trial. Fed. R. Civ. P. 56(e); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 884 (1990).

The non-moving party may not rely on the mere allegations of his pleadings to defeat the motion for summary judgment. Fed R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. Nor may the non-moving party defeat summary judgment by challenging the credibility of a supporting affidavit. *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988). Instead, the party opposing a properly supported summary judgment must "marshal and present the court with the evidence []he contends will prove

h[is] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences, relying on mere speculation or conjecture, will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). If the non-moving party fails to establish the existence of an essential element of the case on which he bears the burden of proof at trial, summary judgment is appropriate. *Celotex*, 477 U.S. at 322.

## Argument

**I.    The PLRA bars this suit because Ward did not exhaust his available administrative remedies prior to filing it.**

The PLRA bars Ward's claim related to his method of execution because he did not exhaust his available administrative remedies before filing this suit, and he is required to do so even if the administrative process cannot grant the desired relief. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). As a result, a "district court lacks discretion to resolve the claim on the merits" if a prisoner has failed to comply with the required administrative process. *Perez v. Wisc. Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). And prisoners must complete each step of the available process because "[f]ailure to do what the state requires bars, and does not just postpone, suit under §1983." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Ward failed to even commence the available grievance process for raising his concerns about the method of his execution, so the PLRA's exhaustion requirement forbids this suit from going forward.

### a. Indiana State Prison's administrative grievance process was available and legally mandatory for Ward's use to address his concerns with the method of his execution.

Ward was familiar with ISP's grievance process because he had availed himself of it, so it was available to him to address his concerns about his method of execution. ISP follows the IDOC's uniform grievance policy. (ECF 38-1 at ¶¶ 8, 10; *see* ECF 38-2). Offenders learn about this policy when they arrive at ISP, and they can refer to the policy document in ISP's law library and on their tablets. (ECF 38-1 at ¶ 11). There are three steps to the grievance process: (1) an offender writes and submits a formal grievance; (2) a "First-Level appeal to the facility warden; and (3) a "Second-Level" written appeal to the grievance manager at IDOC's central office. (ECF 38-1 at ¶ 13). Grievance forms are and were readily available for Ward's use. (ECF 38-1 at ¶ 16). And Ward is familiar with this process because he has used it in the past. (ECF 38-3; ECF 38-4; ECF 38-5). Accordingly, ISP's grievance process was available for him to use; he knew it was available for his use; and he has used it in the past.

Completing ISP's grievance process, moreover, was a mandatory prerequisite for Ward to raise his concerns about his method of execution before filing this suit. The Supreme Court has stated that "exhaustion is mandatory . . . even in the execution context." *Ramirez v. Collier*, 595 U.S. 411 (2022). No case law exists in the Seventh Circuit that explicitly concerns administrative exhaustion and method of execution. The Fifth Circuit, however, has held that, when a prisoner "put[s] the

5

State on notice that he was challenging the method of his execution" through a formal grievance, PLRA's exhaustion requirement is satisfied. *Hoffman v. Westcott*, 131 F.4th 332 (5th Cir. 2025). And method of execution is a grievable issue under ISP's grievance policy because it pertains to an IDOC policy, procedure, or rule. (ECF 38-1 at ¶ 40). Thus, ISP's formal grievance process was a legally appropriate and necessary vehicle for Ward to challenge his method of execution.

### b. Ward failed to comply with the available grievance process because he did not submit a formal grievance about his concerns with the method of his execution.

Ward failed to comply with ISP's grievance process because he has not completed any step of the grievance process. Full compliance requires an offender to satisfy every step of the grievance process because courts take a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). And this approach requires the offender to complete each step in the grievance process. *Pozo*, 286 F.3d at 1024. Offenders initiate the grievance process by submitting a properly written formal grievance. (ECF 38-1at ¶ 15). Ward has submitted several formal grievances about his upcoming execution. (ECF 38-1at ¶¶ 43, 44). None of them, however, has anything to do with his concerns about the method of his execution. (ECF 38-1 at ¶ 45). Instead, they express his desire to have a bigger witness room, more witnesses, and a better view of them. (ECF 38-1 at ¶¶ 43, 44). ISP's Grievance Specialist, Joshua Wallen, has no indication that Ward has submitted a formal grievance concerning the method of his execution. (ECF 38-1 at

6

¶ 46). Ward, therefore, has failed to comply with ISP's available grievance process because he did not even complete the first step.

### c. No evidence shows that Ward even attempted to exhaust, but if he later claims to have submitted a grievance that was not responded to, he still failed to exhaust by failing to follow up with the grievance specialist.

Any claim by Ward in response to this motion that he submitted a grievance that went ignored fails in light of his failure to directly contact the Grievance Specialist to report the failure to respond. Assuming that Ward did submit a grievance about his execution method's constitutionality, he still did not comply with the grievance policy, because he failed to follow up with ISP's Grievance Specialist, Joshua Wallen, after not receiving a receipt of, return of, or response to such a grievance. (ECF 38-1 at ¶ 43). The grievance policy required Ward to follow up in such a situation at the risk of failing to exhaust his administrative remedies. (ECF 38-1 at ¶ 20). Had Ward, moreover, written to Mr. Wallen that he never received any documentation about a submitted-but-not-acknowledged grievance about his execution method, Mr. Wallen would have investigated the matter and asked Ward to resubmit the grievance. (ECF 38-1 at ¶ 20, 43).

Northern District Courts, moreover, have granted defendants' motions for summary judgment, finding that inmates failed to exhaust their available administrative remedies when IDOC inmates failed to follow up with the Grievance Specialist when they did not receive a response to a grievance. *See Lipscomb v.*

*Galipeau*, No. 3:22-CV-106-JD-MGG, 2023 WL 1778435, at *3 (N.D. Ind. Feb. 6, 2023) (granting summary judgment to defendant for failure to exhaust administrative remedies when offender did not follow up with grievance officer after not receiving a response to his grievance); *Patrick v. Cartegena*, No. 3:20-CV-1021-RLM-MGG, 2022 WL 1102843, at *2 (N.D. Ind. Apr. 13, 2022) (granting summary judgment to defendant when offender did not follow up with grievance office, resubmit grievance, or request leave to submit new grievance after receiving no response). Ward may not attempt to save this suit by initiating the grievance process now, for, again, "[f]ailure to do what the state requires bars, and does not just postpone, suit under §1983." *Pozo*, 286 F.3d at 1025. In other words, Ward may not file a grievance this weekend and so save his claim. Thus, even if Ward had submitted a grievance concerning the method of his execution and never received acknowledgement of it, he still failed to comply with the grievance policy because he failed to follow up with ISP's Grievance Specialist. Ward, therefore, has failed to comply with the PLRA's demand that he exhaust his available administrative remedies before filing this lawsuit.

## Conclusion

For the above reasons, Defendants ask this Court to grant them summary judgment on their failure-to-exhaust-administrative-remedies defense.

                                      Respectfully submitted,

                                      Theodore E. Rokita
                                      Indiana Attorney General
                                      Attorney number: 18857-49

Date: September 26, 2025         By: */s/ Jefferson S. Garn*
               Jefferson S. Garn
               Deputy Attorney General
               Attorney No. 29921-49
               OFFICE OF ATTORNEY GENERAL TODD ROKITA
               Indiana Government Center South, 5th Floor
               302 West Washington Street
               Indianapolis, IN 46204-2770
               Phone: (317) 232-5933 Fax: (317) 232-7979
               Email: Jefferson.Garn@atg.in.gov

               Eric J. Leveque
               Deputy Attorney General
               Attorney No. 38929-49
               OFFICE OF ATTORNEY GENERAL TODD ROKITA
               Indiana Government Center South, 5th Floor
               302 West Washington Street
               Indianapolis, IN 46204-2770
               Phone: (317) 232-2762
               Fax: (317) 232-7979
               Email: Eric.Leveque@atg.in.gov

               Adrienne Pope
               Deputy Attorney General
               Attorney No. 31911-49
               OFFICE OF ATTORNEY GENERAL TODD ROKITA
               Indiana Government Center South, 5th Floor
               302 West Washington Street
               Indianapolis, IN 46204-2770
               Phone: (317) 233-0878
               Fax: (317) 232-7979
               Email: Adrienne.Pope@atg.in.gov

               Tyler Banks
               Section Chief, Capital and Habeas Litigation
               OFFICE OF ATTORNEY GENERAL TODD ROKITA
               Indiana Government Center South, 5th Floor
               302 West Washington Street
               Indianapolis, IN 46204-2770
               Phone:(317) 234-7016 Fax:(317) 232-7979
               Tyler.Banks@atg.in.gov