IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY LEE WARD, | ) |
| *Plaintiff,* | ) Case No. 3:25-CV-800-CCB-SJF |
| v. | ) CAPITAL CASE |
| LLOYD ARNOLD, COMMISSIONER INDIANA DEPARTMENT OF CORRECTION AND RON NEAL, WARDEN INDIANA STATE PRISON | ) **EXECUTION SCHEDULED OCTOBER 10, 2025 BEFORE THE HOUR OF SUNRISE** |
| *Defendants.* | ) |

**PLAINTIFF WARD'S ANSWERS TO DEFENDANTS' REQUESTS FOR DISCOVERY**

**PLAINTIFF WARD'S ANSWERS TO DEFENDANTS' INTERROGATORIES**

**Request No. 1 –** Provide true, accurate, and complete copies of all documents identified in your Answers to Defendants' Interrogatories.

**Answer:** *Plaintiff will comply to the best of our abilities.*

**Request No. 2 –** Provide true, accurate, and complete copies of all documents relied upon in answering Defendants' Interrogatories.

**Answer:** *Plaintiff will comply to the best of our abilities.*

**Request No. 3 –** Provide every document Plaintiff intends to introduce or rely on in support of his Complaint or his Motion for Preliminary Injunction.

**Answer:** *Plaintiff will rely on all previously filed exhibits. Plaintiff will rely on Dr. Almgren's Report and Addendum due pursuant to Court order before the end of*

1

*September 28, 2025. In addition, Plaintiff will rely on FDA materials, which are attached.*

**Request No. 4 –** Provide all communication between Plaintiff or his agents and anyone whose declaration or affidavit has been or will be relied upon or is expected to testify in support of his Complaint or Motion for Summary Judgment.

**Answer:** *Plaintiff has provided all reports, declarations or affirmations required to be disclosed in support of his Amended Complaint. Plaintiff asserts this request is vague and overbroad. Additionally, Plaintiff asserts privilege and work product is applicable regardless of the overbreadth of the request.*

**Request No. 5 –** Provide any document submitted to the Indiana Department of Correction grieving or otherwise disputing the method of the upcoming execution.

**Answer:** *Plaintiff contends grieving is futile. Ward denies that the grievance process was available to him to challenge the method of execution because he was not certain of the method of execution until September 23, 2025. Additionally, the grievance process is unavailable to him because prison officials are unwilling to unable to provide relief, making the grievance process a "dead end." Ross v. Blake, 578 U.S. 632 (2016).*

**Request No. 6 –** Provide any document supporting any assertion that the grievance process was unavailable.

**Answer:** *Plaintiff references his response in opposition to summary judgment.*

2

**Request No. 7 –** Provide any document supporting the assertion in paragraph 123 of the Complaint, which states: "The purchase of manufactured pentobarbital from a source acting in contravention of the promise not to resale the drug to prisons raises fair inferences that such a source is ignoring other rules, such as proper transportation and storage rules."

> **Answer:** *This will be addressed in Dr. Almgren's Report and Addendum and provided immediately upon receipt. In addition. it is addressed by the attached FDA materials.*

**Request No. 8 –** Provide any document supporting the assertion in paragraph 128 of the Complaint, which states: "Pentobarbital purchased from suppliers outside the normal stream of commerce is at risk for being improperly transported and stored."

> **Answer:** *This will be addressed in Dr. Almgren's Report and Addendum and provided immediately upon receipt. In addition. it is addressed by the attached FDA materials.*

**Request No. 9 –** Provide any document supporting the assertion in paragraph 129 of the Complaint, which states: "When the chain of custody for a drug becomes extended, the risk of mishandling increases. Products may be stored improperly, transported under unsuitable conditions, or even subjected to tampering or adulteration."

> **Answer:** *This will be addressed in Dr. Almgren's Report and Addendum and provided immediately upon receipt. In addition. it is addressed by the attached FDA materials.*

**Request No. 10 –** Provide any documents supporting the assertion in paragraph 164 of the Complaint, which states: "It is a virtual medical certainty that most prisoners will experience excruciating suffering, including sensations of drowning and suffocation from pentobarbital. *See* Michael Tarm, "Lawyers: Autopsy suggests inmate suffered during execution," The Washington Post, (August 21, 2020) available at https://www.washingtonpost.com/national/lawyersautopsy- suggests-inmate-suffered-during-execution/2020/08/21/9ca7e3cae40f- 11ea-82d8-5e55d47e90ca_story.html (quoting Van Norman)."

> **Answer:** *This is an unretracted article. Similar evidence was the basis of Attorney General Garland's Memo.*

**Request No. 12[1] –** Provide any documents supporting the assertions in paragraphs 168-170 of the Complaint, which cite newspaper articles regarding several executions in other states.

> **Answer:** *These are unretracted articles.*

**Request No. 13 –** Provide any communication or other document from Benjamin Ritchie's spiritual advisor, including any declaration, affidavit, or other statement or any communication between Kathleen Cleary or other person working on behalf of Roy Lee Ward.

> **Answer:** *This request is vague and overbroad. Plaintiff is providing such communications believed to comply with this request.*

---

[1] There was no Request No. 11.

**Request No. 14 –** Provide any document supporting the assertion that administering fentanyl before pentobarbital is a viable alternative to using pentobarbital alone.

> **Answer:** *Fentanyl is a sedative and painkiller. Dr. Zivot will address this.*

**Request No. 15 –** Provide any contract or other agreement between Michaela Almgren, PharmD., M.S., and Plaintiff or Plaintiff's agents to provide testimony, report, or opinion supporting the assertions in the Complaint.

> **Answer:** *Attached. Any future or supplemental contracts will be provided without request. Plaintiff considers this an ongoing obligation.*

### PLAINTIFF WARD'S ANSWERS TO DEFENDANTS' INTERROGATORIES

**Interrogatory No. 1:** Please identify all the person(s) answering or assisting in answering (other than counsel) these interrogatories on Plaintiff's behalf.

> **Answer:** *Drs. Michaela Almgren & Joel Zivot with respect to Interrogatory No. 4.*

**Interrogatory No. 2:** Other than attorney-client privileged communications, identify the factual basis for Plaintiff's belief that Indiana's execution is cruel and unusual punishment.

> **Answer:** *See the amended complaint for the facts supporting Ward's claim that Indiana's lethal injection protocol is cruel and unusual punishment under the Eighth Amendment.*

**Interrogatory No. 3:** Has Plaintiff had any communications with any of the Defendants or other Department of Correction employees relating to the allegations in this suit? If

so, identify the particular defendant or employee with whom Plaintiff communicated, the date of the communication, the form of the communication and describe the content of the communication.

**Answer:** *None of which counsel is aware.*

**Interrogatory No. 4:** Identify and describe any instance when an expert identified in the Complaint or intended to be used by Plaintiff in an evidentiary hearing or in a motion, including Dr. Mark Edgar and Dr. Gail Van Norman, has opined in a court about pentobarbital and provide the following:

   a. Identify the court,
   b. Identify the case number,
   c. Describe the specific subject of the testimony or report, and
   d. Explain the result of the case and how, if at all, the court used the expert's testimony or report.

**Answer:** *Plaintiff provides a list of cases for Dr. Gail Van Norman covering the last five years. Plaintiff provides Dr. Almgren's list, but will supplement it to cover the last five years. Plaintiff is working on a list of cases for Dr. Zivot and Dr. Mark Edgar.*

**Interrogatory No. 5:** Identify the date and describe the manner of learning about the alleged circumstances of Benjamin Ritchie's execution, as described in the Complaint.

**Answer:** *The circumstances of the Ritchie execution were reported in the news almost immediately after he was executed. See, e.g., Casey Smith, "State executes death row inmate Benjamin Ritchie for fatal shooting of police officer, Attorney*

6

*witness reports violent twitching before death," INDIANA CAPITAL CHRONICLE (May 20, 2025).*

**Interrogatory No. 6:** Identify the dates and describe the circumstances with any person contacted by Roy Lee Ward or his counsel to testify or sign an affidavit or declaration. Describe the content of any affidavit, declaration, or other statement provided that has not been disclosed in this case.

> **Answer:** *Ward is without sufficient information to answer this interrogatory but notes that under Fed. R. Civ. Pro. 26(a)(1)(A), Ward is not required to disclose the identity of any person he does not intend to use to support his claims. Plaintiff also asserts work product and attorney-client privilege as to investigative acts.*

## PLAINTIFF WARD'S ANSWERS TO DEFENDANTS' REQUESTS FOR ADMISSIONS

1. Plaintiff Roy Lee Ward did not submit any grievances to the Department of Correction to dispute the method of execution.

   ***Response:*** *Ward did not submit a grievance to the Department of Correction to dispute the method of execution, but until the status conference held on September 23, 2025, as modified by the late evening affidavit of September 27, 2025, Defendants had not confirmed the method of execution it intends to use to execute him.*

2. Plaintiff Roy Lee Ward did not complete the grievance process with the Department of Correction to dispute the method of execution.

7

***Response:***  *Because Ward did not submit a grievance, he did not complete the grievance process.*

3. The Department of Correction has a grievance process that was available to Plaintiff Roy Lee Ward before he filed this lawsuit.

    ***Response:***  *Ward denies that the grievance process was available to him to challenge the method of execution because he was not certain of the method of execution until September 23, 2025, as modified by the late evening affidavit of September 27, 2025. Additionally, the grievance process is unavailable to him because prison officials are unwilling to unable to provide relief, making the grievance process a "dead end." Ross v. Blake, 578 U.S. 632 (2016).*

4. Plaintiff Roy Lee Ward has submitted grievances to the Department of Correction on issues other than method of execution.

    ***Response:*** *Plaintiff admits he has submitted grievances to the Department of Correction on issues other than method of execution, but related to the execution and was told each time it was too early*.

        Respectfully submitted,

        */s/ Laurence E. Komp*
        LAURENCE E. KOMP, MO. Bar #40446
        MICHELLE M. LAW, MO. Bar #45487
        Capital Habeas Unit
        Federal Public Defender
        Western District of Missouri

                                        1000 Walnut St., Ste. 600
                                        Kansas City, MO  64106
                                        (816) 675-0923
                                        laurence_komp@fd.org
                                        michelle_law@fd.org

                                        *Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 28, 2025, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system and sent it via email to Tyler Banks and Sierra Murray, Office of Indiana Attorney General, at Tyler.Banks@atg.in.gov and Sierra.Murray@atg.in.gov.

                                        /s/ Laurence E. Komp
                                        Laurence E. Komp