IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY LEE WARD, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:25-cv-00800-CCB-SJF |
| | ) |
| v. | ) |
| | ) |
| LLOYD ARNOLD, COMMISSIONER | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTION AND | ) |
| RON NEAL, WARDEN | ) |
| INDIANA STATE PRISON | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
REQUESTS FOR ADMISSIONS**

Under Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, Defendants, by counsel, respond and object to the Requests for Admissions from Plaintiff ("Requests") as follows:

**REQUESTS FOR ADMISSION**

1. The injectable pentobarbital it possesses for use in Ward's execution was not produced by a 503B outsourcing facility.

RESPONSE: Admit.

2. The injectable pentobarbital it possesses for use in Ward's execution was not produced by a 503A pharmacy.

RESPONSE: Admit.

3. The source of injectable pentobarbital to be used in the execution

1

of Roy Ward was procured directly from the original producer/manufacturer.

RESPONSE: Objection. Defendants object to Plaintiff's Request for Admission No. 3 because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. This Request appears calculated to accumulate enough specific product characteristics (characteristics unrelated to issues raised by Plaintiff's claims) that may not independently identify the drug supplier but when used together would do just that. Defendants further object to this Request as it not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Fed. R. Civ. P. 36 permits a party to serve request for admission "for the purpose of the pending action only." Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement or source of pentobarbital. (*See generally* ECF 24).

Further, this Request is improper as written. "[T]he purpose of requests for admission is to narrow the matters in controversy to only those issues genuinely in dispute between the parties." *Doe*, v. *Barber, et al.,* No. 3:23-CV-658-DRL-SJF, 2025

WL 2691082, at *5 (N.D. Ind. Sept. 19, 2025) (citing *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D Ind. 1986); *Escobedo v. Ram Shirdi Inc.*, 2011 WL 13243990, at *2 (N.D. Ill. Mar. 16, 2011)). "Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts or obtain production of documents, requests for admission should not be used as a method of discovery for these purposes." *Id.* (quoting Moore's Federal Practice § 3802[2] (3rd ed. 2020)). This Request is an impermissible attempt to identify the IDOC's confidential supplier of pentobarbital.

4. The source of injectable pentobarbital to be used in the execution of Roy Ward was procured without the involvement of a party other than then producer/manufacturer.

RESPONSE: See Defendants' objection to Plaintiff's Request No. 3.

5. The injectable pentobarbital used in the execution of Benjamin Ritchie was procured from the same source as the injectable pentobarbital to be used in the execution of Roy Ward.

RESPONSE: See Defendants' objection to Plaintiff's Request No. 3.

6. The source of injectable pentobarbital used to execute Benjamin Ritchie was procured directly from the original producer/manufacturer.

RESPONSE: See Defendants' objection to Plaintiff's Request No. 3.

7. The source of injectable pentobarbital used to execute Benjamin Ritchie was procured without the involvement of a party other than the producer/manufacturer.

RESPONSE: See Defendants' objection to Plaintiff's Request No. 3. Further, the phrase "involvement of a party" is vague.

8. The Indiana Department of Correction itself, and not some other state agency, procures injectable pentobarbital for executions.

RESPONSE: See Defendants' objection to Plaintiff's Request No. 3.

9. Indiana Department of Corrections made a video recording of all or part of Benjamin Ritchie's execution.

RESPONSE: Deny.

10. Indiana Department of Corrections made an audio recording of all or part of Benjamin Ritchie's execution.

RESPONSE: Deny.

11. The injectable pentobarbital used in the execution of Benjamin Ritchie was not expired.

RESPONSE: Objection. Defendants object to Plaintiff's Request No. 11 because it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Fed. R. Civ. P. 36 permits a party to serve request for admission "for the purpose of the pending action only." This Request appears calculated to accumulate enough specific product characteristics (characteristics unrelated to issues raised by Plaintiff's claims) that may not independently identify the drug supplier but when used together would do just that. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶

4

184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). There are no allegations the IDOC mishandled Mr. Ritchie's execution by using improperly stored pentobarbital. But that objection notwithstanding and not being waived, admit.

12. The Indiana Department of Correction has verified through documentation that each entity handling or transporting the injectable pentobarbital used for the execution of Benjamin Ritchie continuously stored it at a temperature of 20 – 25 degrees Celsius (68 – 77 degrees Fahrenheit).

RESPONSE: Objection. Defendants object to Plaintiff's Request No. 12 because it is vague. Defendants further object to this Request as it not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Fed. R. Civ. P. 36 permits a party to serve request for admission "for the purpose of the pending action only." This Request appears calculated to accumulate enough specific product characteristics (characteristics unrelated to issues raised by Plaintiff's claims) that may not independently identify the drug supplier but when used together would do just that. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth

5

Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement, handling, or source of pentobarbital. (*See generally* ECF 24). "[T]he purpose of requests for admission is to narrow the matters in controversy to only those issues genuinely in dispute between the parties." *Doe*, v. *Barber, et al.*, No. 3:23-CV-658-DRL-SJF, 2025 WL 2691082, at *5 (N.D. Ind. Sept. 19, 2025) (citing *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D Ind. 1986); *Escobedo v. Ram Shirdi Inc.*, 2011 WL 13243990, at *2 (N.D. Ill. Mar. 16, 2011)). "Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts or obtain production of documents, requests for admission should not be used as a method of discovery for these purposes." *Id.* (quoting Moore's Federal Practice § 3802[2] (3rd ed. 2020)). Simply put, there are no allegations the IDOC mishandled Mr. Ritchie's execution by using improperly stored pentobarbital. Plaintiff is using this Request in an attempt to discover something—anything—to broaden the scope of their lawsuit.

  13. The Indiana Department of Correction continuously stored the pentobarbital used in Benjamin Ritchie's execution at 20 – 25 degrees Celsius (68 - 77 degrees Fahrenheit).

  RESPONSE: See Defendants' Objection to Plaintiff's Request No. 12.

  14. The Indiana Department of Correction verified through documentation that each entity handling or transporting the injectable

6

pentobarbital it possesses for Roy Ward's execution continuously stored it at a temperature of 20 – 25 degrees Celsius (68 -77 degrees Fahrenheit).

RESPONSE: See Defendants' Objection to Plaintiff's Request No. 12.

15. The Indiana Department of Correction is storing the pentobarbital it expects to use for Roy Ward's execution at 20 to 25 degrees Celsius (68 – 77 degrees Fahrenheit).

RESPONSE: See Defendants' Objection to Plaintiff's Request No. 12.

16. The Indiana Department of Correction did not receive the injectable pentobarbital used in Benjamin Ritchie's execution through the U.S. Mail or currier service such as UPS or FedEx.

RESPONSE: See Defendants' objection to Plaintiff's Request No. 12.

17. The Indiana Department of Correction did not receive the injectable pentobarbital it expects to use in Roy Ward's execution through the U.S. Mail or currier service such as UPS or FedEx.

RESPONSE: See Defendants' objection to Plaintiff's Request No. 12.

18. The Indiana Department of Correction possessed or possesses the Certificates of Analysis for each vial of the injectable pentobarbital used to execute Benjamin Ritchie.

RESPONSE: Admit.

19. The Indiana Department of Correction possesses the Certificates of Analysis for each vial of the injectable pentobarbital to be used to execute Roy

7

Ward.

RESPONSE: Admit.

20.     Each vial of injectable pentobarbital used to execute Benjamin Ritchie was labeled by the original producer/manufacturer.

RESPONSE: Admit.

21.     The Indiana Department of Correction possesses copies of the labels on the vials of pentobarbital used to execute Benjamin Ritchie.

RESPONSE: Objection. Defendants object to this Request as it not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Fed. R. Civ. P. 36 permits a party to serve request for admission "for the purpose of the pending action only." This Request appears calculated to accumulate enough specific product characteristics (characteristics unrelated to issues raised by Plaintiff's claims) that may not independently identify the drug supplier but when used together would do just that. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Whether the IDOC retained a copy of the labels of vials of pentobarbital used to execute is not relevant to Plaintiff's claim

8

and outside the scope of this lawsuit. Ward was not permitted to proceed on claims related to the Department of Correction's retention of records related to pentobarbital. (*See generally* ECF 24). This lawsuit squarely challenges the constitutionality of pentobarbital being used in executions.

22. Each vial of injectable pentobarbital to be used to execute Roy Ward is labeled by the original producer/manufacturer.

RESPONSE: Admit.

23. The Indiana Department of Correction will use the same protocol procedures to execute Roy Ward as it did to execute Benjamin Ritchie.

RESPONSE: Admit.

24. The Indiana Department of Correction did not deviate from Method 2 of the execution protocol to execute Benjamin Ritchie.

RESPONSE: Admit.

25. The same people who carried out the execution of Benjamin Ritchie will also carry out the execution of Roy Ward.

RESPONSE: Objection. Defendants object to this Request as it is vague as to what constitutes "carried out" or "carry out" the execution. Defendants further object to this Request as it not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Fed. R. Civ. P. 36 permits a party to serve request for admission "for the purpose of the pending action only." This Request appears calculated to accumulate enough specific product

characteristics (characteristics unrelated to issues raised by Plaintiff's claims) that may not independently identify the drug supplier but when used together would do just that. Plaintiff is challenging the use of pentobarbital to execute Ward (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's execution protocol or the actions or inactions of the execution team. (*See generally* ECF 24). This lawsuit squarely challenges the constitutionality of pentobarbital being used in executions. Further, the identity of individuals assisting in the execution is confidential. Ind. Code § 35-38-6-6.

26. The injectable pentobarbital used to execute Benjamin Ritchie was administered intravenously.

RESPONSE: Admit.

27. The injectable pentobarbital to be used to execute Roy Ward will be administered intravenously.

RESPONSE: Admit.

28. The same person who placed the IV lines for Benjamin Ritchie's execution will set the IV lines for Roy Ward's execution.

RESPONSE: See Defendants' objection to Plaintiff's Request No. 25.

29. The same person who administered the injectable pentobarbital for Benjamin Ritchie's execution will administer the injectable pentobarbital for Roy Ward's execution.

RESPONSE: See Defendants' objection to Plaintiff's Request No. 25.

30. The Indiana Department of Correction purchased the injectable pentobarbital to be used in Ward's execution after June 3, 2025.

RESPONSE: Objection. Defendants object to this Request as it not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Fed. R. Civ. P. 36 permits a party to serve request for admission "for the purpose of the pending action only." This Request appears calculated to accumulate enough specific product characteristics (characteristics unrelated to issues raised by Plaintiff's claims) that may not independently identify the drug supplier but when used together would do just that. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (*See generally* ECF 24). The date of purchase of the pentobarbital to be

11

used in Ward's execution is wholly irrelevant to Plaintiff's Amended Complaint and Preliminary Injunction. "[T]he purpose of requests for admission is to narrow the matters in controversy to only those issues genuinely in dispute between the parties." *Doe*, v. *Barber, et al.*, No. 3:23-CV-658-DRL-SJF, 2025 WL 2691082, at *5 (N.D. Ind. Sept. 19, 2025) (citing *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D Ind. 1986); *Escobedo v. Ram Shirdi Inc.*, 2011 WL 13243990, at *2 (N.D. Ill. Mar. 16, 2011)). "Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts or obtain production of documents, requests for admission should not be used as a method of discovery for these purposes." *Id.* (quoting Moore's Federal Practice § 3802[2] (3rd ed. 2020)). This is another attempt by Plaintiff to identify the IDOC's confidential supplier.

Respectfully submitted,

Theodore E. Rokita
Indiana Attorney General
Attorney No. 18857-49

Date: <u>September 28, 2025</u>    By:    <u>*/s/ Jefferson S. Garn*</u>
Jefferson S. Garn
Deputy Attorney General
Attorney No. 29921-49
Office of Attorney General Todd Rokita
Indiana Govt. Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-5933
Fax: (317) 232-7979
Email: Jefferson.Garn@atg.in.gov

By:    /s/ Adrienne Pope

Adrienne Pope
Deputy Attorney General
Attorney No. 31911-49
Office of Attorney General Todd Rokita
Indiana Govt. Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 233-0878
Fax: (317) 232-7979
Email: Adrienne.Pope@atg.in.gov

Tyler Banks
Section Chief Capital and Habeas Litigation
Office of Attorney General Todd Rokita
Indiana Govt. Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone:(317) 234-7016 Fax:(317)232-7979
Tyler.Banks@atg.in.gov