## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| **ROY LEE WARD,** | ) |
| | ) |
| **Plaintiff,** | ) **Case No. 3:25-cv-800-CCB-SJF** |
| | ) |
| **v.** | ) |
| | ) |
| **LLOYD ARNOLD, COMMISSIONER** | ) |
| **INDIANA DEPARTMENT OF** | ) |
| **CORRECTION AND** | ) |
| **RON NEAL, WARDEN** | ) |
| **INDIANA STATE PRISON** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

In accordance with Federal Rule of Civil Procedure 34, Defendants respond to the request for production of documents. Defendants undertook tremendous efforts to gather as much information as possible within the extraordinarily short time available. Accordingly, Defendants reserve the right to supplement their answers if new information is gathered, discovered, or located at a later date.

**SECTION A: Information and documents related to the identity of the drugs that the Indiana Department of Correction ("IDOC") used or intends to use to in executions:**

REQUEST A(1): Documents that identity the chemical name of the specific drug or drugs (including all active pharmaceutical ingredients, components and substances necessary to produce the final product used on the day of execution) (hereinafter "drug or drugs"), including any backup drugs, that you used or intend

to use to carry out executions.

RESPONSE: Objection. Defendants object to Plaintiff's Request A(1) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Interrogatory as it is not reasonably related to Count 4 of Plaintiff's Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). Also, the request is disproportionate to the needs of the case because it has no time limit at all.

Notwithstanding the objections, Defendants provide documents sufficient to identify the drug as pentobarbital.

REQUEST A(2): Documents that verify whether those drugs are manufactured or compounded.

RESPONSE: Objection. Defendants object to Plaintiff's Request A(2) because

it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants provide the declaration stating that the drugs are manufactured.

REQUEST A(3): Documents that verify whether any pharmaceutical company, pharmacy or pharmacist involved in preparing, compounding, and/or dispensing the drugs IDOC used or intends to use in executions has been subject to disciplinary action or cited for violations of state or federal laws or regulations by either state or federal entities.

RESPONSE: Objection. Defendants object to Plaintiff's Request A(3) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants have not identified responsive documents.

REQUEST A(4): Documentation of any and all efforts IDOC made to determine whether any such pharmaceutical company, pharmacy or pharmacist has been subject to disciplinary action or cited for violations of state or federal laws or regulations by either state or federal entities.

RESPONSE: Objection. Defendants object to Plaintiff's Request A(4) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants have not identified responsive documents.

**SECTION B: Information and documents related to whether a prescription was used to obtain the drugs that IDOC intends to use in executions:**

REQUEST B(1): Documents verifying whether a prescription was used to obtain or order the drug or drugs intended for use in executions.

RESPONSE: Objection. Defendants object to Plaintiff's Request B(1) because

it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants have not identified responsive documents.

REQUEST B(2): If a prescription was used to obtain or order the drug or drugs intended for use in executions, a copy of the prescription and prescription label (with the identity of the doctor, other medical professional, pharmacy, and/or pharmacists redacted as appropriate).

RESPONSE: Objection. Defendants object to Plaintiff's Request B(2) because

it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants have not identified responsive documents.

**SECTION C: Information and documents related to the acquisition, expiration, and beyond use dates of the drugs that IDOC used or intends to use in executions:**

REQUEST C(1): Documents verifying the date of IDOC's acquisition of the specific substances, ingredients, raw materials, and/or drugs that IDOC used or intends to use to carry out executions.

RESPONSE: Objection. Defendants object to Plaintiff's Request C(1) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants provide documents sufficient to show when the Department acquired pentobarbital.

REQUEST C(2): Any and all documents or correspondence of any kind relating to IDOC's purchase and/or acquisition of the drug or drugs used or intended for use in executions, including contracts.

RESPONSE: Objection. Defendants object to Plaintiff's Request C(2) because

it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants provide documents sufficient to show the Department acquired the pentobarbital.

REQUEST C(3): If compounded by a 503A or 503B facility, documents verifying the date on which any compounding was performed, and whether it was performed by a licensed pharmaceutical company or pharmacist.

RESPONSE: Plaintiff's request C(3) is not applicable.

REQUEST C(4): Documents verifying the initial expiration or beyond use

date of all substances, ingredients, raw materials, and/or drugs IDOC used or intends to use to carry out executions.

RESPONSE: Objection. Defendants object to Plaintiff's Request C(4) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants provide the amended declaration with the expiration dates for the pentobarbital.

REQUEST C(5): Documents verifying The number of times the expiration and/or beyond use date of the specific vials of drugs IDOC used or intends to use to

carry out executions have been extended and the date(s) of all such extensions.

RESPONSE: Objection. Defendants object to Plaintiff's Request C(5) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants have no documents responsive to this request.

REQUEST C(6): Any and all photographs of the specific vials of the drugs IDOC used or may use to carry out executions.

RESPONSE: Objection. Defendants object to Plaintiff's Request C(6) because

it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Defendants will not provide documents responsive to this Request relying on the aforementioned objections.

REQUEST C(7): Any and all photographs or records of the label created by the pharmacist, pharmacy, or wholesale drug distributor which, according to IC 35-38-6-1(e), should include the "name of the lethal substance, its dosage, a projected expiration date, and a statement that the lethal substance shall be used only by the department of correction for the purpose of carrying out an execution by lethal

injection."

RESPONSE: Objection. Defendants object to Plaintiff's Request C(7) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Defendants will not provide documents responsive to this Request relying on the aforementioned objections.

REQUEST C(8): Documents verifying where the drugs have been stored or will be stored since the time of compounding and/or acquisition by IDOC.

RESPONSE: Objection. Defendants object to Plaintiff's Request C(8) because

it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding the objections, Defendants provide documents responsive to the request.

REQUEST C(9): Any documentation regarding how and where the drugs have been or will be stored, including but not limited to photographs, equipment manuals, and temperature logs.

RESPONSE: Objection. Defendants object to Plaintiff's Request C(9) because it would disclose information reasonably calculated to lead to the identity of the

Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding the objections, Defendants provide documents partially responsive to this request and assert that the production of photographs of where the pentobarbital is stored poses safety and security concerns to Indiana State Prison. It is well settled that the state has a paramount interest in the security and the safety of staff and offenders. E.g., *Ponte v. Real*, 471 U.S. 491, 499 (1985); *Hudson v. Palmer*, 468 U.S. 517, 528, (1984) *Hewitt v. Helms,* 459 U.S. 460, 473 (1983); *Pell v. Procunier*, 417 U.S. 817, 827 (1974); *Peckham v. Wisconsin Dep't of Corr.*, 141 F.3d 694, 698 (7th Cir. 1998). The safety of the institution, its prisoners

and its employees is of the highest concern to prison officials and is "the fundamental responsibility of prison administration." *Hewitt* 459 U.S. at 473. Providing photographs of the precise location of the pentobarbital poses a risk to the safety and security of Indiana State Prison. Accordingly, Defendants will not provide photographs responsive to this Request relying on the aforementioned objections.

REQUEST C(10): Any and all inventory logs or chain of custody documents for the drug or drugs IDOC has used or may use in executions, including all details pertaining to any form of purchase, possession, transfer, or disposal of such drug or drugs, including any API, and the amount of time each drug spent in transport.

RESPONSE: Objection. Defendants object to Plaintiff's Request C(10) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187).

Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case. Also, the request is **disproportionate to the needs of the case because it has no time limit at all.**

Notwithstanding the objections, Defendants provide documents sufficient to show a reasonable amount of information responsive to the unreasonable request.

**SECTION D: Information and documents related to the date, nature, purpose, and results of any testing performed on the drugs that IDOC used or intends to use in executions:**

REQUEST D(1): Documentation of the date or dates of any testing of the specific substances, ingredients, raw materials, and/or drugs IDOC used or intends to use to carry out executions, including all documents related to any such testing;

RESPONSE: Objection. Defendants object to Plaintiff's Request D(1) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment").

Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case. Also, the request is disproportionate to the needs of the case because it has no time limit at all.

Notwithstanding these objections, Defendants have no documents responsive to this request.

REQUEST D(2): Documents verifying the nature and/or purpose of any testing of the specific substances, ingredients, raw materials, and/or drugs IDOC used or intends to use to carry out executions, including all documents related to any such testing;

RESPONSE: Objection. Defendants object to Plaintiff's Request D(1) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause

Ward to suffer needless pain and torment in violation of the Eighth Amendment").

Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the

inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187).

Ward was not permitted to proceed on claims related to the Department of

Correction's procurement and source of pentobarbital. (See generally ECF 24). This

Request is outside the scope of the case and not proportional to the needs of this

case. Also, the request is disproportionate to the needs of the case because it has no

time limit at all, and it is so vague that it is unclear what the plaintiff requests.

Notwithstanding these objections, Defendants have no documents responsive

to this request.

REQUEST D(3): Any and all communications documents regarding the

efficacy, adequacy, and/ or results of testing performed on the drugs used or intends

for use in carrying out executions;

RESPONSE: Objection. Defendants object to Plaintiff's Request D(3) because

it would disclose information reasonably calculated to lead to the identity of the

Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this

information is confidential, and its confidentiality explicitly applies to discovery.

Defendants further object to this Request as it is not reasonably related to Count 4

of their Amended Complaint (ECF 24) and is consequently disproportionate to the

needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward.

(ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a

substantial or objectively intolerable risk of serious harm, and will likely cause

Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case. Also, the request is disproportionate to the needs of the case because it has no time limit at all.

Notwithstanding these objections, Defendants have no documents responsive to this request.

REQUEST D(4): Documents verifying the results of any testing of the specific substances, ingredients, raw materials, and/or drugs IDOC used or intends to use to carry out executions;

RESPONSE: Objection. Defendants object to Plaintiff's Request D(4) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause

Ward to suffer needless pain and torment in violation of the Eighth Amendment").
Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the
inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187).
Ward was not permitted to proceed on claims related to the Department of
Correction's procurement and source of pentobarbital. (See generally ECF 24). This
Request is outside the scope of the case and not proportional to the needs of this
case. Also, the request is disproportionate to the needs of the case because it has no
time limit at all.

Notwithstanding these objections, Defendants have no documents responsive
to this request.

REQUEST D(5): Documents verifying whether any testing performed on the
drug or drugs was performed by a licensed pharmaceutical company, pharmacy,
pharmacist, or third-party laboratory;

RESPONSE: Objection. Defendants object to Plaintiff's Request D(5) because
it would disclose information reasonably calculated to lead to the identity of the
Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this
information is confidential, and its confidentiality explicitly applies to discovery.
Defendants further object to this Request as it is not reasonably related to Count 4
of their Amended Complaint (ECF 24) and is consequently disproportionate to the
needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward.
(ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a
substantial or objectively intolerable risk of serious harm, and will likely cause

Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case. Also, the request is disproportionate to the needs of the case because it has no time limit at all.

Notwithstanding these objections, Defendants have no documents responsive to this request.

REQUEST D(6): Documents verifying whether the entity or person performing the testing has been subject to disciplinary action or cited for violations of state or federal laws or regulations by either state or federal entities.

RESPONSE: Objection. Defendants object to Plaintiff's Request D(6) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause

Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding the objections, Defendants have not identified responsive documents.

REQUEST D(7): Documents verifying any and all efforts IDOC or its agents have made to determine whether the entity or person performing the testing has been subject to disciplinary action or cited for violations of state or federal laws or regulations by either state or federal entities.

RESPONSE: Objection. Defendants object to Plaintiff's Request D(7) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause

Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding the objections, Defendants have not identified responsive documents.

**SECTION E: With respect to all Pentobarbital purchased or stored by IDOC, the pharmacy, and/or laboratory for use in any execution:**

REQUEST E(1): Certificates of Analysis for all batches of Pentobarbital active pharmaceutical ingredient purchased by or on behalf of IDOC for use in executions (executions that have occurred or upcoming executions).

RESPONSE: Objection. Defendants object to Plaintiff's Request E(1) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause

Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case. Also, the Request is disproportionate to the needs of the case because it has no time limit at all.

Defendants will not provide documents responsive to this Request relying on the aforementioned objections.

REQUEST E(2): Copies of the licenses held by the pharmacy that compounds and/or supplies Pentobarbital to IDOC for use in executions (in executions that have occurred or upcoming executions).

RESPONSE: Objection. Defendants object to Plaintiff's Request E(2) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause

Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding the objections, Defendants have not identified responsive documents.

REQUEST E(3):    All inspection reports issued by state or federal agencies pertaining to the pharmacy that compounds and/or supplies Pentobarbital to IDOC for use during executions (in executions that have occurred or upcoming executions).

RESPONSE: Objection. Defendants object to Plaintiff's Request E(3) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause

Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding the objections, Defendants have not identified responsive documents.

REQUEST E(4): Any and all inventory logs or chain of custody documents for all Pentobarbital purchased or acquired by IDOC for use in executions (in executions that have occurred or upcoming executions), including all details pertaining to any form of purchase, possession, transfer, or disposal of such drug or drugs, including any active pharmaceutical ingredient, and the amount of time each drug spent in transport.

RESPONSE: Objection. Defendants object to Plaintiff's Request E(4) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward.

(ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case. Also, the request is disproportionate to the needs of the case because it has no time limit at all.

Notwithstanding the objections, Defendants will provide documents sufficient to show custody information with the limitation that the documents provided will date from 2024 to present.

**SECTION F: Benjamin Ritchie's Execution.**

REQUEST F(1):  Documents verifying the chemical identity of the specific substances, ingredients, raw materials, and/or drugs used in the execution of Benjamin Ritchie.

RESPONSE: Objection. Defendants object to Plaintiff's Request F(1) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4

of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding the objections, Defendants have not identified responsive documents.

REQUEST F(2): Documents verifying whether the drugs used to execute Mr. Ritchie were manufactured or compounded by either a 503A or 503B facility.

RESPONSE: This request is not applicable.

REQUEST F(3): If compounded by a 503A or 503B facility, documents verifying the date on which any compounding was performed, and whether it was performed by a licensed pharmaceutical company or pharmacist.

RESPONSE: This request is not applicable.

REQUEST F(4): The results of any testing of the specific substances, ingredients, raw materials, and/or drugs IDOC used to carry out Mr. Ritchie's

execution including the dates of such testing.

RESPONSE: The response is repetitive of D(4).

REQUEST F(5):    Any and all communications regarding the efficacy, adequacy, and/ or results of testing performed on the drugs intended for use in carrying out executions.

RESPONSE: This request is repetitive of D(3)

REQUEST F(6): Certificates of Analysis for all batches of Pentobarbital active pharmaceutical ingredient used in Mr. Ritchie's execution.

RESPONSE: Objection. Defendants object to Plaintiff's Request F(6) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This

Request is outside the scope of the case and not proportional to the needs of this case.

Defendants will not provide documents responsive to this Request relying on the aforementioned objections.

REQUEST F(7): Any documentation regarding how and where the drugs IDOC used to carry out Mr. Ritchie's execution have been stored since the time of compounding and/or acquisition by IDOC, including but not limited to photographs, equipment manuals, temperature logs, and maintenance history of the storing device.

RESPONSE: This is repetitive of C(8).

REQUEST F(8): Any and all inventory logs or chain of custody documents for the drug or drugs IDOC used in Mr. Ritchie's execution.

RESPONSE: This is repetitive of C(10).

REQUEST F(9): With regard to the vials of pentobarbital used in Mr. Ritchie's execution, any and all photocopies, copies, photos, or other representation of the packaging that the parcel containing the vials arrived in when delivered to IDOC, the packaging that each vial came in inside the parcel, and all labels affixed to each vial received.

RESPONSE: Objection. Defendants object to Plaintiff's Request F(9) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery.

Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants have not identified responsive documents.

REQUEST F(10): Documents verifying whether a prescription was used to obtain or order the drug or drugs used in Mr. Ritchie's execution.

RESPONSE: Objection. Defendants object to Plaintiff's Request F(10) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the

needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, the defendants have not identified responsive documents.

REQUEST F(11): If a prescription was used to obtain or order the drug or drugs used in Mr. Ritchie's execution, a copy of the prescription and prescription label (with the identity of the doctor, other medical professional, pharmacy, and/or pharmacists redacted as appropriate).

RESPONSE: Objection. Defendants object to Plaintiff's Request F(11) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the

needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, the defendants have not identified responsive documents.

REQUEST F(12): Any audio or video recordings of Mr. Ritchie's execution.

RESPONSE: The defendants have identified no responsive documents.

REQUEST F(13): Any documents, recordings or summaries prepared after Mr. Ritchie's execution regarding what occurred at the execution, and what if any remedial measures have been employed.

RESPONSE: The defendants have identified no responsive documents.

**SECTION G: Roy Ward's Upcoming Execution.**

REQUEST G(1): Documents verifying the chemical identity of the specific substances, ingredients, raw materials, and/or drugs that are in possession of the DOC or about to be procured for use in the upcoming execution of Roy Ward.

RESPONSE: Objection. Defendants object to Plaintiff's Request G(1) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding the objective, the defendants have not identified any responsive documents.

REQUEST G(2): Documents verifying whether the drugs that will be used or procured to execute Mr. Ward are manufactured or compounded by a 503A or 503B facility.

RESPONSE: Objection. Defendants object to Plaintiff's Request G(2) because

it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding these objections, Defendants are providing an admission that the pentobarbital to be used in Ward's execution are not compounded.

REQUEST G(3): If compounded by a 503A or 503B facility, documents verifying the date on which any compounding was performed, and whether it was performed by a licensed pharmaceutical company or pharmacist.

RESPONSE: This request is not applicable.

REQUEST G(4): The results of any testing of the specific substances,

ingredients, raw materials, and/or drugs IDOC that will be used to carry out Mr. Ward's execution, including the dates of such testing.

> RESPONSE: This request is repetitive of D(4).

> REQUEST G(5): Any and all communications regarding the efficacy, adequacy, and/ or results of testing performed on the drugs intended for use in carrying out the upcoming executions.

> RESPONSE: This request is repetitive of both D(3) and F(5).

> REQUEST G(6): Certificates of Analysis for all batches of Pentobarbital active pharmaceutical ingredients that will be used or procured for use in Mr. Ward's execution

> RESPONSE: This is repetitive of E(1).

> REQUEST G(7): Any documentation regarding how and where the drugs IDOC that will be used or procured to carry out Mr. Ward's execution will be stored since the time of compounding and/or acquisition by IDOC, including but not limited to photographs, equipment manuals, and temperature logs.

> RESPONSE: Objection. Defendants object to Plaintiff's Request G(7) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward.

(ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Notwithstanding the objections, Defendants will provide documents sufficient to show storage conditions.

REQUEST G(8): Any and all inventory logs or chain of custody documents for the drug or drugs IDOC will use or procure for use in Mr. Ward's execution.

RESPONSE: This is repetitive of C(10).

REQUEST G(9): With regard to the vials of pentobarbital that will be used in Mr. Ward's upcoming execution, any and all photocopies, copies, photos, or other representation of the packaging that the parcel containing the vials arrived in when delivered to IDOC, the packaging that each vial came in inside the parcel, and all labels affixed to each vial received.

RESPONSE: Objection. Defendants object to Plaintiff's Request G(9) because it would disclose information reasonably calculated to lead to the identity of the Department of Correction's supplier. Under Indiana Code § 35-38-6-1(f), this

information is confidential, and its confidentiality explicitly applies to discovery. Defendants further object to this Request as it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case.  Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case.

Defendants will not provide documents responsive to this Request relying on the aforementioned objections.

REQUEST G(10): Documents verifying whether a prescription will be used to obtain, order, or procure the drug or drugs that will be used in Mr. Ward's upcoming execution.

RESPONSE: This request is repetitive of (B)(1).

REQUEST G(11):  If a prescription will be used or procured to obtain or order the drug or drugs used in Mr. Wards execution, a copy of the prescription and prescription label (with the identity of the doctor, other medical professional,

pharmacy, and/or pharmacists redacted as appropriate).

RESPONSE: This request is repetitive of (B)(1).

**SECTION H: Training and other documents.**

REQUEST H(1): Any and all documents regarding the execution training protocols.

RESPONSE: See Plaintiff's Exhibit P1 (ECF 22-1).

REQUEST H(2): Any and all documentation of reviews of practice executions.

RESPONSE: Objection. Defendants object to Plaintiff's Request H(2) because it is not reasonably related to Count 4 of their Amended Complaint (ECF 24) and is consequently disproportionate to the needs of the case. Plaintiff is challenging the use of pentobarbital to execute Ward. (ECF 22 at ¶ ¶ 184-196 "Using pentobarbital to execute Ward presents a substantial or objectively intolerable risk of serious harm, and will likely cause Ward to suffer needless pain and torment in violation of the Eighth Amendment"). Specifically, Count 4 asserts that pentobarbital leads to pulmonary edema while the inmate "remains capable of feeling pain, terror and suffocation." (ECF 22 at ¶ 187). Ward was not permitted to proceed on claims related to the Department of Correction's procurement and source of pentobarbital. (See generally ECF 24). This Request is outside the scope of the case and not proportional to the needs of this case. Also, the request is disproportionate to the needs of the case because it has no time limit at all.

Notwithstanding the objections, Defendants will produce **documents sufficient to show training and practice of the execution team.**

<u>REQUEST H(3)</u>: Any and all documentation concerning post-execution assessments.

<u>RESPONSE</u>: Defendants do not have documents responsive to this request.

Respectfully submitted,

Theodore E. Rokita
Indiana Attorney General
Attorney No. 18857-49

Date: <u>September 28, 2025</u>   By:   <u>*/s/ Jefferson S. Garn*</u>
Jefferson S. Garn
Deputy Attorney General
Attorney No. 29921-49
Office of Attorney General Todd Rokita
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-5933
Fax: (317) 232-7979
Email: Jefferson.Garn@atg.in.gov

By:   <u>/s/ Adrienne Pope</u>
Adrienne Pope
Deputy Attorney General
Attorney No. 31911-49
Office of Attorney General Todd Rokita
Indiana Govt. Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 233-0878
Fax: (317) 232-7979
Email: Adrienne.Pope@atg.in.gov

By:    /s/ Tyler Banks
       Section Chief, Capital and Habeas Litigation
       Office of Attorney General Todd Rokita
       Indiana Govt. Center South, 5th Floor
       302 West Washington Street
       Indianapolis, IN 46204-2770
       Phone: (317) 234-7016
       Fax: (317) 232-7979
       Tyler.Banks@atg.in.gov